NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 05 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BARBARA JO MOLLER, | No. 12-16696 |
| Plaintiff - Appellant, | D.C. No. 1:11-cv-04372-NJV |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Nandor J. Vadas, Magistrate Judge, Presiding

Submitted May 17, 2013[**]

Before:     HUG, FARRIS, and LEAVY, Circuit Judges.

Barbara Jo Moller appeals pro se from the district court's judgment

affirming the Commissioner of Social Security's denial of her application for

Child's Insurance Benefits under the Social Security Act.  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. §1291. We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we affirm.

Substantial evidence supports the conclusion that Moller was not disabled under the Act prior to age 22. *See* 42 U.S.C. § 402(d); *Molina*, 674 F.3d at 1110. The administrative law judge ("ALJ") properly considered all of the relevant evidence, including Moller's testimony, the testimony of Moller's treating physician, and Moller's work activities and medical history from the relevant time period. Moreover, the ALJ's residual functional capacity findings were supported by substantial evidence and did not contradict the testimony of the treating physician. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("A decision to deny benefits will only be disturbed if it is not supported by 'substantial evidence or it is based on legal error.'" (citation omitted)).

The ALJ provided "specific, clear, and convincing reasons" for rejecting Moller's testimony about the extent of her limitations. *Molina*, 674 F.3d at 1113. The ALJ noted that, during the relevant time period, Moller was able to complete successfully a data entry program and a nurse training program, and to work as a nurse for over a year. *See Smolen v. Chater*, 80 F.3d 1273, 1284-85 (9th Cir. 1996) (ALJ may consider claimant's prior work record and daily activities in

2

evaluating the credibility of claimant's testimony concerning the severity of subjective symptoms).

The ALJ properly relied on the testimony of the vocational expert ("VE") in concluding that, prior to age 22, Moller could have performed jobs that existed in significant numbers in the national economy. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). The hypothetical posed by the ALJ correctly recounted the limitations that the ALJ found credible and supported by the record, and the VE's recognized expertise provided the foundation for her testimony. *See id.* at 1217-18.

We do not consider arguments raised for the first time on appeal, *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006), nor evidence outside of the administrative record, *Harman v. Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000).

We reject as unpersuasive Moller's remaining contentions, including her allegation of bias on the part of the ALJ.

**AFFIRMED.**